## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **BOBBIE JO SUPINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | **Civil Action File No.** |
| **SIX CONTINENTS HOTELS, INC.** | ) | |
| | ) | _____ |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Bobbie Jo Supine (hereinafter "Supine"), by and through undersigned counsel, and files this lawsuit against Six Continents Hotels, Inc. (hereinafter "Six Continents"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

## INTRODUCTION

1.

The instant action arises from Six Continents' violations of Supine's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Six Continents which have deprived Supine of her lawful overtime wages.

2.

During the employment of Supine, Six Continents violated the FLSA by failing to compensate Supine at the legally appropriate overtime rate for hours worked in excess of forty (40) hours in a given workweek.

3.

Supine seeks unpaid overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

5.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts complained of occurred within the State of Georgia and because Six Continents is subject to personal jurisdiction in this District.

## **PARTIES**

6.

Supine resides in Acworth, Georgia (within this District) and is a citizen of the United States.

7.

At all times material to this action, Supine was an "employee" of Six Continents defined by § 203(e)(1) of the FLSA, and worked for Six Continents within the territory of the United States. Supine is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Six Continents.

8.

At all times material hereto, Supine handled, sold, and/or worked with goods or materials that have been moved in or produced for interstate commerce, and she was thus engaged in interstate commerce during her employment with Six Continents.

9.

Six Continents is a Delaware corporation with its principal office located at Three Ravina Drive, Suite 100, Atlanta, Georgia 30346. Six Continents regularly does business in the State of Georgia and may be served through its registered agent, CT Corporation System, at 289 S. Culver Street Lawrenceville, Georgia

30046. At all times material hereto, Six Continents was an "employer" of Supine for purposes of the FLSA.

10.

Six Continents is subject to personal jurisdiction in this District for purposes of this lawsuit.

11.

Six Continents maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

12.

At all times material to this action, Six Continents was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

13.

At all times material to this action, Six Continents was an "employer" of Supine, as defined by § 203(d) of the FLSA.

14.

At all times material to this action and upon information and belief, Six Continents produced at least $500,000 in annual gross volume of sales made or business done.

15.

The overtime provisions set forth in § 207 of the FLSA apply to Six Continents.

**FACTUAL ALLEGATIONS**

16.

From January 1, 2014, until September 18, 2017, Supine was employed by Six Continents as an "Administrative Assistant."

17.

At all times relevant hereto, Supine was not responsible for managing any other employees. Supine did not conduct any employees' reviews, schedules, vacation requests, or warnings.

18.

At all times relevant hereto, Supine did not possess the authority to hire or fire other employees.

19.

At all times relevant hereto, Supine's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

20.

At all times relevant hereto, Supine did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

21.

At all times relevant hereto, Supine was a non-exempt employee for purposes of overtime compensation.

22.

While employed by Six Continents, Supine was required, at times, to work in excess of forty (40) hours a week.

23.

During the majority of Supine's employment with Six Continents, Six Continents did not compensate Supine for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay, as required by law.

24.

From March 28, 2016, to November 11, 2016, Supine was paid hourly and at an overtime rate for all hours that she worked in excess of forty hours a week.

25.

On all other days that Supine was employed, she was not paid at an overtime rate for the hours that she worked in excess of forty hours a week.

26.

Supine's role or title never changed during her employment.

27.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Supine are in the possession of Six Continents.

**COUNT ONE: FLSA VIOLATION (OVERTIME)**

28.

Supine re-alleges and incorporates paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

29.

Six Continents failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. §§ 203 and 207, with respect to Supine.

30.

Six Continents failed to meet the requirements for paying Supine at the rate of at least one and one-half times the regular hourly rate for time worked in excess

of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. §§ 203 and 207.

31.

Six Continents is liable to Supine for compensation for any and all time Supine worked in excess of forty hours per week at the rate of at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. §§ 203 and 207.

32.

By its actions alleged herein, Six Continents willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

33.

Six Continents willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Supine in accordance with §§ 203 and 207 of the FLSA.

34.

As a result of Six Continents' violations of the FLSA, Supine has suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

35.

As a result of Six Continents' willful violations of the FLSA, Supine is entitled to damages, including, without limitation, unpaid wages sufficient to compensate Mr. Hill at the overtime wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

## COUNT TWO: ATTORNEYS' FEES AND EXPENSES

36.

Supine re-alleges and incorporates paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37.

Supine has retained undersigned counsel to represent her in this action and has incurred costs and reasonable attorneys' fees.

38.

Pursuant to 29 U.S.C. § 216(b), Supine is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

39.

Six Continents has not made a good faith effort to comply with the FLSA with respect to its compensation of Supine.

40.

As a result of Six Continent's unlawful acts, Supine has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## **PRAYER FOR RELIEF**

WHEREFORE, Supine, pursuant to § 216(b) of the FLSA, prays for the following relief:

(a)   that Six Continents be served with process and required to answer this suit;

(b)   for a trial by a jury;

(c)   that Supine be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

(d)   that Supine be awarded the costs and expenses of this action; and

(e)  that this Court enter such other and further relief as is just and proper under the circumstances.

Respectfully submitted, this 26th day of January, 2018.

**COHAN LAW GROUP, LLC**

<u>*/s/ Louis R. Cohan*</u>
LOUIS R. COHAN
Georgia Bar No. 173357
ELLIS C. LIU
Georgia Bar No. 443689

3340 Peachtree Road, NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
eliu@cohanlawgroup.com

I certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(c).

                                                   **COHAN LAW GROUP, LLC**

                                                   */s/ Louis R. Cohan*

                                                   LOUIS R. COHAN
                                                 Georgia Bar No. 173357